UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LaSANDRA NORMAN, | ) |
|       Plaintiff, | ) |
| v. | )    No. 2:12 CV 210 JM |
| DEPARTMENT OF CHILD SERVICES, | ) |
|       Defendant. | ) |

## OPINION and ORDER

LaSandra Norman, a *pro se* plaintiff, filed an amended complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (DE # 2, 7.) The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen the complaint before service on the defendant, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that

something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Norman is suing the Indiana Department of Child Services ("DCS"), claiming that her children were wrongfully removed from her home and placed in foster care after her 15-year-old son told authorities she had physically abused him. She claims that the allegations were false. She further claims that she has been made to participate in "unhelpful" services in connection with a pending juvenile court case. She seeks $25 million in damages and other relief.

The sole defendant named in the complaint is a state agency, which has immunity from suit under the Eleventh Amendment. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55 (1996); *Ryan v. Ill. Dep't of Child. & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Without a valid waiver or a statute overriding sovereign immunity, the state and its agencies cannot be sued in federal court. *Ryan*, 185 F.3d at 758. Norman has not alleged, nor can it be plausibly inferred from the complaint, that the state has waived its

immunity, and 42 U.S.C. § 1983 does not trump state immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989). Accordingly, this suit against DCS cannot proceed.

Even if Norman's complaint could survive Eleventh Amendment immunity, it would fail for other reasons. She states that there are felony criminal charges pending against her pertaining to the child abuse allegations. (DE # 7 at 3.) Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), Norman cannot obtain an award of damages in connection with a claim that would necessarily imply the invalidity of the pending criminal charges. *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001) ("[W]e have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge."); *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) ("If [a claim for civil damages] could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit."). Norman cannot bring any such claim until the charges against her are dismissed or "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-7. To the extent Norman seeks injunctive relief pertaining to the criminal case, such as dismissal of the charges, that relief can only be sought in a habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Norman also appears to be seeking an order from this Court requiring her children to be returned to her, contrary to the orders entered in the juvenile court case. Although Norman remains free to pursue whatever remedies may be available to her through the state appellate process, this Court has no authority to review or otherwise alter the orders issued in the state case. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284-85 (2005); *In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001).

For these reasons, the Court declines to authorize the plaintiff to proceed with this lawsuit under the *in forma pauperis* statute. The motion for leave to proceed *in forma pauperis* (DE # 2) is **DENIED** and this action **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**

Date: June 29, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT